UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

    Defendant.

Case No. 15-cv-05503-RS

**ORDER REQUESTING FURTHER BRIEFING**

In support of its pending motion to dismiss, defendant relies in part on language set out in paragraph 13 of the "General Policy Conditions" that "[n]o monies payable or collectible from such other insurance shall accrue to the Loss Fund." At oral argument, defendant responded to a question regarding the potential effect of Endorsement 2 by asserting that endorsement related to a part of the policy form not at issue in this litigation. Indeed, Endorsement 2 explicitly states that the policy "does not provide coverage under PART II EXCESS LOSS FUND PROTECTION of the policy wording." That endorsement appears consistent with the schedule on page 3 of the policy, which has the entry "NOT COVERED" next to "LOSS FUND," and with page 8 of the policy, which has the entry "NOT APPLICABLE" next to "EXCESS LOSS FUND PROTECTION LIMIT." It is abundantly clear, therefore, that Part II of the policy form is not part of the policy as issued to the San Francisco Unified School District and that there no claims or issues in this litigation relating to Part II of the form. Neither plaintiff nor defendant contends otherwise.

1    Endorsement 2, however, also explicitly states, "[i]t is further understood and agreed that <u>any reference</u> made to PART II EXCESS LOSS FUND PROTECTION and <u>to the ASSSURED'S Loss Fund</u> within the policy wording <u>shall be deemed to be deleted</u>."  (underscoring added).  As a result, it is unclear whether the language in paragraph 13 of the "General Policy Conditions" that "[n]o monies payable or collectible from such other insurance shall accrue to the Loss Fund" can properly be considered to be part of the policy as issued.  The parties' agreement at oral argument that Endorsement 2 deleted any coverage under Part II does not address the issue, because the question is whether the term "Loss Fund" has any meaning, definition, or relevance under Part I of the policy.

Accordingly, within 7 days of the date of this order, defendant shall file a supplemental brief, not to exceed 5 pages, addressing whether the language in paragraph 13 of the General Policy Conditions on which it relies can be deemed to be part of the policy notwithstanding Endorsement 2, and if so, why and how.  Within 7 days thereafter, plaintiff may file a response, also not to exceed 5 pages.

**IT IS SO ORDERED**.

Dated: June 17, 2016

_____
RICHARD SEEBORG
United States District Judge